IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
(Dallas Division)

| | | |
|---|---|---|
| LACHICA KING | § | |
| Plaintiff | § | |
| | § | |
| | § | Civil Action No. 3:CV-11-0138-P |
| v. | § | |
| | § | |
| CACHE, INC. | § | |
| Defendant | § | |

## DEFENDANT'S SECOND AMENDED ANSWER

COMES NOW Cache, Inc. ("Defendant") and files this Second Amended Answer to Plaintiff's First Amended Complaint denying each and every allegation of Plaintiff's First Amended Answer except as specifically admitted herein and stating as follows:

## ADMISSION AND DENIALS

1.      Defendant admits that the causes of action stated in Paragraph 1 of Plaintiff's First Amended Complaint are causes of action Plaintiff brings but Defendant denies all allegations and grounds that are the basis of such causes of action.

2.      As to Paragraph 2, Defendant admits that the case was removed based on diversity of citizenship and that venue is appropriate but denies that it committed any unlawful practices, whether in Dallas County or otherwise.

3.      Defendant admits the allegations of Paragraph 3 except that Defendant denies the specific allegations regarding Plaintiff requesting leave and restoration to her position.

4.      Defendant admits the allegations of Paragraph 4.

5.      As to Paragraph 5, Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission-Civil Rights Division ("TWC-CRD"), but denies the veracity of the allegations of discrimination

and/or retaliation in these charges. Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff has satisfied all conditions precedent and/or prerequisites to file this suit under the applicable statutes and/or has fulfilled all exhaustion requirements prior to instituting this action.

6.      As to Paragraph 6, Defendant admits that Plaintiff sustained an injury to her ankle but is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff could stand on her feet in heels and denies that her job required her to wear high heeled shoes.

7.      Defendant denies the allegations of Paragraph 7.

8.      Defendant denies the allegations of Paragraph 8.

9.      As to Paragraph 9, Defendant admits that Mareatha Hornsby told Plaintiff to go home because of her injured ankle but denies that she told her to stay home for a few days.

10.     As to paragraph 10, Defendant admits that Plaintiff returned to work one day the next week but is without sufficient knowledge to form a belief as to the truth of whether Plaintiff was scheduled for additional days under a revised schedule.

11.     Defendant denies the allegations of Paragraph 11.

12.     Defendant denies the allegations of Paragraph 12 with the exception that Defendant admits that Hornsby said Plaintiff should apply for short term disability.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, except that Defendant believed that Plaintiff understood when she asked for more time off, on July 30, that she would not be scheduled to work until she was medically released to return to work.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, except that Defendant admits that HR told Plaintiff that she needed a doctor's note to return to work.

15.     Defendant denies the allegations of Paragraph 15.

16.     As to Paragraph 16, Defendant admits that Plaintiff obtained a doctor's note dated August 28, 2009, but denies that she presented it to Keeler on that date.

17.     Defendant admits the allegations of Paragraph 17 as occurring on August 31, 2009.

18.     Defendant denies the allegations of Paragraph 18.

19.     Defendant denies the allegations of Paragraph 19.

20.     Defendant denies the allegations of Paragraph 20.

21.     Defendant denies the allegations of Paragraph 21 with the exception that Plaintiff was returned to the schedule as of September 14.

22.     As to Paragraph 22, Defendant admits that Plaintiff asked why she had only 30 hours but denies that Keeler told her that she could legally reduce the hours to thirty.

23.     Defendant denies the allegations of Paragraph 23.

24.     Defendant denies the allegations of Paragraph 24.

25.     Defendant denies the allegations of Paragraph 25.

26.     As to Paragraph 26, Defendant denies the allegations with the exception that Plaintiff asked for more hours and was scheduled for 35 hours in a week that another employee was not able to work.

27.     Defendant admits the allegations of Paragraph 27.

28.     Defendant admits that Plaintiff was scheduled for more than 30 hours a week in November and December because of the approaching holidays but denies that Keeler was hostile.

29.     As to Paragraph 29, Defendant denies the allegations of Paragraph 29 with the exception Defendant admits that Plaintiff made audio recordings of Defendant's employees without their knowledge.

30.     Defendant denies the allegations of Paragraph 30.

31.     Defendant denies that Hornsby granted Plaintiff permission to record any meeting or conversation with her or anyone else except for the meeting On January 13, 2010.

32.     As to Paragraph 32, Defendant denies that HR asked Plaintiff to resign but admits that HR offered Plaintiff a severance package if she chose to resign. Defendant admits that Plaintiff filed her second EEOC/TWC-HRC complaint after rejecting the severance offer and that the EEOC dismissed the complaint the same day it was filed.

33.     As to Paragraph 33, Defendant denies being hostile to or retaliating against plaintiff but admits that Plaintiff was terminated on march 26, 2010, for gross insubordination after Hornsby found out from listening to the secret recordings that Plaintiff had been insubordinate, dishonest and deceptive for months and that she had secretly recorded Hornsby after Hornsby specifically told her she was not allowed to record their meeting.

34.     Defendant denies the allegations of Paragraph 34.

35.     Defendant denies the allegations of Paragraph 35.

36.     Defendant denies the allegations of Paragraph 36

37.     As to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any of the relief she seeks.

## AFFIRMATIVE DEFENSES

38.   Defendant asserts that if Plaintiff suffered monetary losses they were due to her own actions and/or failure to mitigate any losses she may claim to have suffered.

39.   Defendant asserts the affirmative defense that "after-acquired evidence" limits or precludes damages since Plaintiff engaged in misconduct, secretly taking and/or copying Defendant's confidential documents, unknown to Defendant until Defendant received a copy of Plaintiff's EEOC file through a FOIA request and Plaintiff's discovery responses.

## PRAYER

WHEREFORE, premises considered, Defendants respectfully request this court:

20.   Render judgment that Plaintiff take nothing.

21.   Dismiss Plaintiff's suit with prejudice.

22.   Assess costs against Plaintiff.

23.   Award Defendant attorney fees.

24.   Award Defendant all other relief to which it is entitled.

Respectfully submitted,

OPPENHEIMER, BLEND, HARRISON & TATE, INC.

_____/S/ M. CHERYL KIRBY_____
M. Cheryl Kirby
State Bar No. 00794097
Reese L. Harrison, Jr.
State Bar No. 09131000
711 Navarro, Suite 600
San Antonio, Texas 78205
Telephone: (210) 224-2000
Facsimile:  (210) 224-7540
Counsel for Defendant, Cache, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

N. Sue Allen
Allen Law Firm
2200 Forest Park Blvd., Suite 107
Fort Worth, Texas 76110

/S/ *M. CHERYL KIRBY*
M. Cheryl Kirby

MCK0001587                                   6