IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LACHICA KING | § | |
|     Plaintiff | § | |
| v. | § | Civil Action No. 3:CV-11-0138-P |
| | § | |
| CACHE, INC. | § | |
|     Defendant | § | |

**DEFENDANT CACHE INC.'S MOTION FOR SUMMARY JUDGMENT
PURSUANT TO RULE 56(b)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Cache, Inc. files this its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(b) and contemporaneously files its Brief in Support of Its Motion for Summary Judgment and Appendix of Summary Judgment Evidence ("Appendix) with this Motion and incorporates them herein by reference for all purposes, and would respectfully show the Court as follows:

## I. SUMMARY

1.  Pursuant to Local Rule 56.3(b), the content required by Local Rule 56.3(a) is contained in Defendant Cache, Inc.'s Brief in Support of Its Motion for Summary Judgment filed contemporaneously with this Motion and incorporated herein by reference.

## II. INTRODUCTION

2.  Cache is a national retail clothing chain headquartered in New York. Cache employed Plaintiff LaChica King ("King") as the full time Assistant Manager of Store No. 246 in Arlington, Texas. Cache terminated King for insubordination and dishonesty discovered from recordings King surreptitiously made using her cell phone over a six month period.

3.  King brings claims for race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.*, ("Title VII"), 42 U.S.C. Section 1981 ("Section 1981"), and the Texas Commission on Human Rights Act, Tex. Lab. Code §21.051 ("TCHRA") and claims for interference with rights under the Family and Medical Leave Act of 1993 ("FMLA") and retaliation for exercising rights to take leave under the FMLA, 29 U.S.C. §§2601-2654. Because there are no genuine issues of material fact for a jury and under prevailing legal precedent, Cache is entitled to summary judgment on all of King's claims. The material facts are detailed in Cache's contemporaneously filed Brief in Support of its Motion for Summary Judgment and Appendix of Summary Judgment Evidence.

### III. LEGAL AND FACTUAL GROUNDS FOR SUMMARY JUDGMENT

4.  Cache is entitled to summary judgment on King's Title VII, TCHRA and Section 1981 claims because there is no genuine issue of material fact as to each of the following elements of Plaintiff's claims:[1]

   1.  No employee outside Plaintiff's protected class was retained or was treated differently under circumstances nearly identical to hers.

   2.  Defendant's reasons for terminating Plaintiff were not pretext for race discrimination.

   3.  No causal connection exists between Plaintiff's alleged protected activity and her termination.

---

[1] King did not plead hostile environment/harassment claims based on her race, African American, but to the extent her pleadings may be construed as raising such claims, King cannot meet the elements required to prove such claims and Cache is entitled to summary judgment on such claims because there is no genuine issue of material fact as to each of the following elements of racially hostile environment claims, if such claims are raised: (1) Plaintiff was not subjected to unwelcome harassment; (2) any harassment Plaintiff may allege was not based on her race; and (3) any harassment Plaintiff may allege did not affect a term, condition, or privilege of her employment.

4. Defendant's reasons for Plaintiff's termination were not a pretext for retaliation for engaging in and/or allegedly engaging in protected activity.

5. Cache is entitled to summary judgment on King's FMLA claims because there is no genuine issue of material fact as to each of the following elements of Plaintiff's claims:

1. Plaintiff was not entitled to FMLA leave since she did not have a serious health condition as defined under the FMLA and/or she did not request FMLA leave.

2. Plaintiff was not denied benefits under the FMLA, even had she been entitled to FMLA leave, since she was restored to the same position she held before her absence.

3. Defendant's reasons for terminating Plaintiff were not a pretext for retaliation, motivated by Plaintiff's request for leave under the FMLA, or by Plaintiff's absence due to injury.

WHEREFORE, PREMISES CONSIDERED, Defendant Cache, Inc. respectfully requests that its Motion for Summary Judgment be granted, that Plaintiff recover nothing from Defendant, that all Plaintiff's claims be dismissed with prejudice, that Defendant be awarded its costs, and for such other and further relief, both general and specific, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

STRASBURGER PRICE OPPENHEIMER BLEND

/S/ M. CHERYL KIRBY
REESE L. HARRISON, JR.
State Bar No. 09131000
M. CHERYL KIRBY
State Bar No. 00794097
711 Navarro, Suite 600
San Antonio, Texas 78205
Telephone: 210.224.2000
Facsimile: 210.224.7540

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

N. Sue Allen
Allen Law Firm
2200 Forest Park Blvd.
Suite 107
Fort Worth, Texas 76110

/S/ *M. CHERYL KIRBY*
M. CHERYL KIRBY